UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DISABILITY RIGHTS CENTER-NH,<br>    Plaintiff,<br><br>v.<br><br>HELEN HANKS, in her official capacity as<br>Commissioner of the NEW HAMPSHIRE<br>DEPARTMENT OF CORRECTIONS, and<br>MICHAEL A. ZENK, in his official capacity<br>as Warden of the NEW HAMPSHIRE<br>STATE PRISON FOR MEN,<br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:18-cv-160-LM |

**PLAINTIFF'S EXPEDITED MOTION FOR PRELIMINARY INJUCTION**
**(ORAL ARGUMENT REQUESTED)**

  Plaintiff, the Disability Rights Center-NH ("DRC"), pursuant to Rule 65 of the Federal Rules of Civil Procedure, respectfully requests that the Court issue a Preliminary Injunction against Defendants Helen Hanks, in her official capacity as Commissioner for the New Hampshire Department of Corrections, and Michael A. Zenk, in his official capacity as Warden of the New Hampshire State Prison for Men, enjoining Defendants from continuing to violate federal law that authorizes DRC to access the records of an individual with mental illness who died while in Defendants' care.

  In support, Plaintiff states as follows:

  1. As the federally mandated Protection and Advocacy System ("P&A") for individuals with disabilities in the State of New Hampshire, DRC is obligated to protect the civil rights of individuals with mental illness. 42 U.S.C. § 10801 *et seq*. Pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), DRC has the authority to investigate specific incidents of abuse and neglect of individuals with mental illness when it has

1

received a complaint or determined there is probable cause to believe that abuse or neglect has occurred.  42 U.S.C. § 10805(a)(1)(A).  DRC also has authority to access records of an individual with mental illness in the course of such an investigation.  42 U.S.C. §§ 10805, 10806.

2.	DRC determined there is probable cause to believe that P.B., an individual with mental illness, may have been subject to neglect by Defendants, resulting in his death.  Pursuant to the PAIMI Act, DRC requested prompt access to the records of P.B., but Defendants have failed to provide such access, preventing DRC from performing its federally mandated duty to investigate an incident of suspected neglect.

3.	As set forth in the attached Memorandum of Law:

   a. DRC is likely to succeed on the merits because the PAIMI Act authorizes DRC to investigate suspected neglect and access the records of individuals with mental illness;

   b. Unless this Court issues preliminary injunctive relief, Plaintiff will suffer imminent and irreparable harm by being prevented from conducting an effective investigation and fulfilling its federal duty to protect and advocate for individuals with mental illness;

   c. Such injunctive relief will not harm Defendants because it will require them only to comply with federal law and because federal law requires DRC to maintain the records' confidentiality to the same extent as Defendants;

   d. Such injunctive relief will serve the public interest by enabling DRC to promptly investigate suspected neglect of individuals with mental illness, a population that Congress has found is particularly susceptible to suffer abuse, neglect, and injury.

4. Good cause exists for the Court's expedited consideration of this Motion. As shown in greater detail in the attached Memorandum of Law, delayed access to the requested records prevents DRC from conducting an effective investigation into suspected neglect and fulfill its federally mandated duty to protect and advocate for individuals with mental illness.

5. This motion is dispositive in the circumstances of this case. If granted, the injunction will require Defendants to provide DRC access to the records at issue. Once DRC is granted such access, there should be no remaining issues for the Court to decide except future compliance and DRC's request for attorney's fees and costs.

6. Plaintiff has repeatedly requested access to the records and Defendants have not produced them. Given the dispositive nature of this Motion, it is unnecessary and impractical for Plaintiff to seek Defendants' concurrence in the relief sought beyond the efforts already made.

7. Oral argument will provide assistance to the Court in ruling upon this Motion because it is a dispositive motion. In addition, a hearing will provide the Court an opportunity to clarify the nature of the records in contention and determine reasonable timelines for prompt production.

8. A security bond for issuance of a preliminary injunction should be waived because Defendants' burden in complying with federal law by providing DRC access to records is minimal, as explained in the attached Memorandum of Law.

9. Plaintiff refers this Court to, and incorporates by reference, Plaintiff's Verified Complaint, including Exhibits A through D attached to the Complaint, and Plaintiff's Memorandum of Law in Support of Plaintiff's Expedited Motion for a Preliminary Injunction, attached to this Motion.

WHEREFORE, Plaintiff respectfully requests:

a. Expedited consideration of this Motion for Preliminary Injunction;

b. A hearing in which the parties may present oral argument in support of or opposition to this Motion;

c. Issuance of a preliminary injunction requiring the Defendants, in accordance with the PAIMI Act, to:

   i. Provide DRC with access to all requested records within two business days;

   ii. Provide DRC access to further records that DRC requests during the future course of its investigation within three business days of the request;

d. Waiver of the security bond for issuing an injunction; and

e. Such other and further relief as may be just and equitable.

Respectfully submitted,

/s/ Andrew L. Milne
N.H. Bar No. 268073
Email: andrewm@drcnh.org

/s/ Francesca Broderick
N.H. Bar No. 265305
Email: francescab@drcnh.org

Attorneys for Plaintiff

Disability Rights Center-NH
64 North Main Street, Suite 2
Concord, NH 03301-4913
Phone: (603) 228-0432
Fax: (603) 225-2077

Dated:  March 6, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this day been sent by U.S. mail and electronically to Defendants' counsel:

Lynmarie C. Cusack
Senior Assistant Attorney General
New Hampshire Department of Justice, Civil Bureau
33 Capitol Street
Concord, NH 03301
lynmarie.cusack@doj.nh.gov

/s/ Andrew L. Milne
Andrew L. Milne, Esq.