# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Disability Rights Center-NH

    v.                                      Civil No. 18-cv-160-LM

Helen Hanks, Commissioner of the
New Hampshire Department of
Corrections, et al.

## O R D E R

This litigation arises from an incident at the New Hampshire State Prison for Men, where "P.B.," an inmate with mental illness, died in his cell as a result of alleged "self-injurious behavior." Doc. no. 1 at 6. Pursuant to its federally mandated duties as a Protection and Advocacy ("P & A") organization, plaintiff Disability Rights Center-NH ("DRC") started an investigation into the matter, but it claims that prison authorities failed to timely respond to its record requests. Seeking to compel access to the requested records, DRC filed this action against defendants Helen Hanks, Commissioner of the New Hampshire Department of Corrections, and Michael A. Zenk, Warden of the New Hampshire State Prison for Men.[1]

---

[1] DRC sues both defendants in their official capacities.

Soon after bringing the action, DRC filed a motion for a preliminary injunction, requesting an order requiring defendants to respond to pending and future record requests within short, definite timeframes.  Defendants objected.  On April 18, 2018, the court held a hearing, at which it orally granted DRC's motion.  The court now memorializes its decision in this notice of ruling.

To obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Bruns v. Mayhew, 750 F.3d 61, 65 (1st Cir. 2014) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  For purposes of the present motion, however, defendants only dispute that DRC can satisfy the element of irreparable harm.  The court accordingly confines its analysis to that issue.  See generally Protection & Advocacy for Persons with Disabilities v. Armstrong, 266 F. Supp. 2d 303 (D. Conn. 2003) (discussing federal laws which entitle P & A organizations to seek access to records); Ariz. Ctr. for Disability Law v. Allen, 197 F.R.D. 689 (D. Ariz. 2000) (same).

The crux of defendants' argument is that, while they initially failed to timely respond to DRC's requests, since the institution of this litigation they have complied and will continue to comply with DRC's requests. As a result, DRC faces no irreparable harm.

The court disagrees. Many courts have held that a P & A organization is irreparably harmed if it is "prevented from pursuing fully its right to access records . . . in pursuit of its duty to investigate circumstances providing probable cause to believe abuse or neglect may be occurring." Armstrong, 266 F. Supp. 2d at 311 (collecting cases); see also 42 C.F.R. § 51.41(a) (stating that "[a]ccess to records shall be extended promptly to all" P & A organizations). In this case, the evidence shows—and defendants do not challenge—that defendants unjustifiably failed to respond to DRC's repeated, reasonable requests prior to this litigation. Although defendants now make assurances that this matter will be prioritized, defendants acknowledge that they still have not fulfilled some of DRC's requests from late March. In the face of these continued delays, the court is persuaded that DRC will continue to suffer irreparable harm in the absence of injunctive relief.

Accordingly, the court grants DRC's motion for a preliminary injunction, and orders the following relief:

(1) For presently pending record requests:

   a. Defendants shall produce all requested records within 2 business days from the issuance of the court's oral ruling at the end of yesterday's hearing;

   b. Except that, if defendants cannot obtain and produce any such records within that period:

      i. Defendants shall provide written notice to DRC within 2 business days from the issuance of the oral ruling, in which they identify the records and explain why such records cannot be produced; and

      ii. Defendants shall produce all such records within 10 business days from the issuance of the oral ruling.[2]

(2) For future record requests, whether pertaining to the investigation of P.B. or to any related investigation:

   a. Defendants shall produce all requested records within 3 business days from the date that defendants receive the request from DRC;

   b. Except that, if defendants cannot produce, or refuse to produce, any such records within that period:

      i. Defendants shall provide written notice to DRC within 3 business days from the date of receipt of the request, in which they identify the disputed records and explain why such records cannot or will not be produced;

---

[2] Thus, for purposes of all pending requests, defendants will have until 5 P.M. on Friday, April 20, 2018, to either produce the requested records or provide the required written notice to DRC.

      ii. Defendants shall meet and confer with DRC within 5 business days from the date of receipt of the request in order to resolve the dispute; and

     iii. Defendants shall, if the meet and confer does not resolve the dispute, produce the disputed records within 10 business days of the meet and confer.

(3) The parties may, by agreement, extend or modify these deadlines.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 19, 2018

cc: Counsel of Record